No. 25-60148

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**Allyson Majors,**

Plaintiff - Appellee

**V.**

**The City of Canton, Mississippi;
Rodriquez Brown, Individually and in his Official Capacity as Alderman;
Fred Esco, Jr., Individually and in his Official Capacity as Alderman; Les
Penn, Individually and in his Official Capacity as Alderman; Tim C. Taylor,
Individually and in his Official Capacity as Alderman; Lafayette E. Wells,
Individually and in his Official Capacity as Alderman; Kimberly Banks,
Individually and in her Official Capacity** as Attorney for the City of Canton

Defendants – Appellants

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, NORTHERN DIVISION
CIVIL ACTION NO. 3:23-CV-265-HTW-MTP

## BRIEF OF APPELLANT
## ORAL ARGUMENT REQUESTED

G. Todd Butler, MS Bar No.: 102907
Nicholas Morisani, MS Bar No.: 104970
John P. McMackin, MS Bar No. 105967
PHELPS DUNBAR LLP
1905 Community Bank Way, Suite 200
Flowood, MS 39232
Telephone: (601) 352-2300
Facsimile: (601) 360-9777
Email: todd.butler@phelps.com
Email: nicholas.morisani@phelps.com
Email: john.mcmackin@phelps.com

i

## CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case.  These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Allyson Majors, Plaintiff-Appellee;

2. City of Canton, Defendant-Appellant;

3. Rodriguez Brown, Fred Esco, Jr., Les Penn, Tim C. Taylor, Lafayette Wells, and Kimberly Banks, Defendants-Appellants;

4. John W. Christopher, Christopher Law Office, PLLC, Attorney for Plaintiff-Appellee;

5. G. Todd Butler, Nicholas Morisani, John P. McMackin, and Phelps Dunbar LLP, Attorneys for Defendants-Appellants;

6. Mississippi Municipal Liability Plan; and

7. Honorable Henry T. Wingate, United States District Court for the Southern District of Mississippi

SO CERTIFIED, this the 4th day of August 2025.

*/s/ John Patrick McMackin*
G. Todd Butler
Nicholas Morisani
John P. McMackin
Attorneys for Appellants

ii

## STATEMENT REGARDING ORAL ARGUMENT

The District Court acknowledged that Plaintiff-Appellee Allyson Majors was an at-will employee. ROA 243-44. That should have been dispositive of her federal claims, since at-will employees do not possess the property interest needed to support a due process claim. The District Court also should have dismissed Majors's state law wrongful discharge claim on immunity and other grounds. Oral argument is warranted to explore why the District Court did neither of these things and instead ordered discovery in defiance of this Court's established immunity precedent protecting defendants from the burdens of litigation.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

Certificate of Interested Parties ...................................................................ii

Statement Regarding Oral Argument ......................................................iii

Table of Contents ......................................................................................iv

Table of Authorities...................................................................................v

Statement of Jurisdiction ...........................................................................1

Statement of the Issue................................................................................2

Statement of the Case ................................................................................3

Summary of the Argument .........................................................................8

Argument....................................................................................................9

    I.    Majors cannot maintain an actionable § 1983 due process claim.............................................................................................10

        A. Majors had no property right in her employment................11

        B. Even if Majors had a property right in her continued employment she cannot bring a procedural due process claim and forfeited any substantive due process claim. ......14

        C. Qualified Immunity and *Monell* provide additional grounds for dismissal. ..........................................................16

    II.    Without an underlying violation—and with every alleged conspirator part of Canton—Majors has not alleged and cannot prove a civil conspiracy ................................................18

    III.    Majors's state-law unlawful termination claim similarly cannot withstand scrutiny ......................................................19

Conclusion................................................................................................24

Certificate of Service ................................................................................ 25

Certificate of Compliance ......................................................................... 26

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**United States Supreme Court Cases**

Bishop v. Wood.,
    426 U.S. 341 (1976) ................................................................. 15

Brosseau v. Haugen,
    543 US 194 (2004) .................................................................. 17

Connick v. Thompson,
    563 U.S. 51 (2011) ................................................................. 17

Zinermon v. Burch,
    494 U.S. 113 (1990) ............................................................... 13

**Fifth Circuit Cases**

Arnold v. Williams,
    979 F.3d 262 (5th Cir. 2020) ............................................ 9 & 10

Blackburn v. City of Marshall,
    42 F.3d 925 (5th Cir. 1995) ................................................... 11

Bustillos v. El Paso Cnty. Hosp. Dist.,
    891 F.3d 214 (5th Cir. 2018) ................................................. 17

Carswell v. Camp,
    54 F.4th 307 (5th Cir. 2022) ............................................. 1 & 10

Carmona v. City of Brownsville,
    126 F.4th 1091 (5th Cir. 2025) ................................................ 9

Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys,
    675 F.3d 849 (5th Cir. 2012) ................................................. 15

Duncan v. Wal-Mart La., L.L.C.
    863 F.3d 406 (5th Cir. 2017) ................................................. 10

Edionwe v. Bailey,
   860 F.3d 287 (5th Cir. 2017) .................................................... 11 & 14

Fairchild v. Coryell Cnty
   40 F.4th 359 (5th Cir. 2022) ...................................................16

Floyd v. Amite Cnty Sch. Dist.,
   581 F.3d 244 (5th Cir. 2009) ...................................................19

Galloway v. State of Louisiana,
   817 F.2d 1154 (5th Cir. 1987).................................................15

Hearn v. Bd. of Supervisors of Hinds Cnty,
   575 F. App'x 239 (5th Cir. 2014) .............................................20

Hilliard v. Ferguson,
   30 F.3d 649 (5th Cir. 1994)................................................ 18 & 19

Honore v. Douglas,
   833 F.2d 565 (5th Cir. 1987).................................................16

Joseph ex rel. Estate of Joseph v. Bartlett,
   981 F.3d 319 (5th Cir. 2020) ...................................................17

Johnson v. City of Shelby
   642 F. App'x 380 (5th Cir. 2016) ...............................................8

Jones v. La. Bd. of Supervisors of Univ. of La. Syss.,
   809 F.3d 231 (5th Cir. 2015).............................................. 15 & 16

Longoria v. San Benito Indep. Consol. Sch. Dist.
   942 F.3d 258 (5th Cir. 2019).....................................................9

Maxey v. Smith,
   59 F.3d 1242 (5th Cir. 1995) ...................................................11

McKay v. LaCroix,
   117 F.4th 741 (5th Cir. 2024)...................................................10

Morrow v. Meacham,
   917 F.3d 870 (5th Cir. 2019) ...................................................17

Muncy v. City of Dall.,
    335 F.3d 394 (5th Cir. 2003) ................................................................... 11 & 13

Nerio v. Evans,
    974 F.3d 571 (5th Cir. 2020) ................................................................... 17

Piotrowski v. City of Hous.,
    237 F.3d 567 (5th Cir. 2001) ................................................................... 17

Pope v. Miss. Real Estate Comm'n,
    872 F.2d 127, (5th Cir. 1989) ................................................................... 15

Rich v. Palko,
    920 F.3d 288 (5th Cir. 2019) ................................................................... 17

Rollins v. Home Depot USA,
    8 F.4th 393 (5th Cir. 2021) ................................................................... 16 & 18

Sanders v. Gibson,
    No. 23-11196, 2025 WL 1029440, (5th Cir. Apr. 7, 2025) ................................. 9

Sligh v. City of Conroe,
    87 F.4th 290 (5th Cir. 2023) ................................................................... 12

Texas v. Walker,
    142 F.3d 813 (5th Cir. 1998) ................................................................... 15

United States v. Zuniga,
    860 F.3d 276 (5th Cir. 2017) ................................................................... 16

Villarreal v. Wells Fargo Bank, N.A.
    814 F.3d 763 (5th Cir. 2016) ................................................................... 12

Walton v. City of Verona
    82 F.4th 314 (5th Cir. 2023) ................................................................... 1 & 22

Wilson v. Esparros Props. Airline, L.L.C.,
    540 F. App'x 291 (5th Cir. 2013) ................................................................... 14

Wrecker Works, L.L.C. v. City of Aberdeen,
    751 F. App'x 413 (5th Cir. 2018) ................................................................... 11

**Other Federal Caselaw**

DePree v. Saunders,
No. 2:07-cv-185, 2008 WL 4457796 (S.D. Miss. Sept. 2008) ...........................22

Frye v. Am. Gen. Fin., Inc.,
307 F. Supp.2d 836 (S.D. Miss. 2004) ................................................................19

Kyle v. Circus Circus Miss., Inc.,
No. 2:09-CV-014, 2010 WL 2539576,  (N.D. Miss. Jun. 15, 2010) .........23 & 24

McNeil v. City of Canton,
 No. 3:06-cv-74, 2008 WL 249437, (S.D. Miss. Jan. 29, 2008) ........................14

Mitchell v. Brown,
No. 3:20-cv-798, 2022 WL 19394913, (N.D. Miss. July 26, 2022) ..........13 & 14

Smith v. N. Bolivar Sch. Dist.,
No. 2:07-CV-51, 2008 WL 4450295 (N.D. Miss. Sept. 29, 2008)....................22

**Mississippi State Caselaw**

Blackston v. Epps,
95 So. 3d 667 (Miss. Ct. App. 2011) ..................................................................22

Brandi's Hope Community Servs., LLC v. Walters,
391 So. 3d 162 (Miss. 2024) ..............................................................................23

Cenac v. Murray,
609 So. 2d 1257 (Miss. 1992) ............................................................................19

City of Canton v. Slaughter,
358 So. 3d 637 (Miss. 2023) ....................................................................... 13 & 14

Community Care Ctr. of Aberdeen v. Barrentine,
160 So. 3d 216 (Miss. 2015) ..............................................................................20

DeCarlo v. Bonus Stores, Inc.,
989 So. 2d 351 (Miss. 2008) ..............................................................................20

Duncan ex rel. Duncan v. Chamblee,
    757 So. 2d 946 (Miss. 1999) ...................................................21

Galle v. Isle of Capri Casinos Inc.,
    180 So. 3d 619 (Miss. 2015) ...................................................20

Harris v. Miss. Valley State Univ.,
    873 So. 2d 970 (Miss. 2004) ...................................................20

Hood v. Perry Cnty,
    821 So. 2d 900 (Miss. Ct. App. 2002) ..................................15

Jones v. City of Canton,
    278 So. 3d 1129 (Miss. 2019) ...................................... 13 & 14

Levens v. Campbell,
    733 So. 2d 753 (Miss. 1999) ...................................................22

McArn v. Allied Bruce-Terminix Co., Inc.,
    626 So. 2d 603 (Miss. 1993) ...................................... 11 & 23

McPhail v. City of Lumberton,
    832 So. 2d 489 (Miss. 2002) ...................................................14

Miss. Forestry Comm'n v. Piazza,
    513 So. 2d 1242 (Miss. 1987) .................................................22

Perry v. Sears, Roebuck & Co.,
    508 So. 2d 1086 (Miss. 1987) .................................................11

Pitalo v. GPCH-GP, Inc.,
    933 So. 2d 927 (Miss. 2006) ...................................................13

Rex Distributing Co., Inc. v. Anheuser-Busch, LLC,
    271 So. 3d 445 (Miss. 2019) ...................................... 18 & 19

S. Farm Bureau Life Ins. Co. v. Thomas
    299 So. 3d 752 (Miss. 2020) ...................................................11

Smith v. Miss. Transp. Comm'n,
    292 So. 3d 231 (Miss. 2020) ...................................................21

x

Staheli v. Smith,
   548 So. 2d 1299 (Miss. 1989) ................................................................22

Suddith v. Univ. of S. Miss.,
   977 So. 2d 1158 (Miss. Ct. App. 2007) ................................................22

Wilcher v. Lincoln Cnty Bd. of Supervisors,
   243 So. 3d 177 (Miss. 2018) ................................................................21

Williams v. City of Belzoni,
   229 So. 3d 171 (Miss. Ct. App. 2017) ................................................14

**Federal Statutes**

28 U.S.C. § 1331 .......................................................................................1

28 U.S.C. § 1367 .......................................................................................1

42 U.S.C. § 1983 ...............................................................................*passim*

42 U.S.C. § 1985 ...............................................................................*passim*

**Mississippi Statutes**

Mississippi Code § 11-46-7 .....................................................................21

Mississippi Code § 11-46-9 .............................................................21 & 22

Mississippi Code § 11-46-11 ...................................................................21

Mississippi Code § 11-51-75 ...........................................................14 & 15

Mississippi Code § 21-3-3 ................................................................ 12 & 13

Mississippi Code § 21-3-5 ................................................................ 12 & 13

Mississippi Code § 21-17-5 .....................................................................12

Mississippi Code § 21-27-15 ...................................................................13

Mississippi Code § 37-7-203 ...................................................................13

## STATEMENT OF JURISDICTION

The District Court had subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because this case involved federal claims brought under 42 U.S.C. §§ 1983 and 1985 as well as state claims brought under the Mississippi Tort Claims Act. This Court has interlocutory-appellate jurisdiction over the District Court's denial of qualified immunity and its denial of immunity under the Mississippi Tort Claims Act. *See Carswell v. Camp*, 54 F.4th 307, 310-11 (5th Cir. 2022) (qualified immunity); *Walton v. City of Verona*, 82 F.4th 314, 319-21 (5th Cir. 2023) (state law immunity). A timely notice of appeal was filed on March 21, 2025, from the March 7, 2025, order denying the dispositive motion. ROA 8.

## STATEMENT OF THE ISSUE

Should the District Court have dismissed this case in its totality rather than ordering parties entitled to immunity to participate in discovery?

## STATEMENT OF THE CASE

Allyson Majors was hired as the City Clerk for the City of Canton in June 2020. ROA 18-19. Majors was an at-will employee of Canton. ROA 243-44. As such, and consistent with Canton's "Personnel Policies and Procedures Handbook[,]" ROA 118-19, Majors was "employed at the City's will and [was] subject to termination at any time, for any reason, with or without cause or notice." ROA 119.

On February 10, 2021, Majors was demoted from City Clerk to Director of Human Resources. ROA 121-22, 234. Majors was later fired on August 17, 2021. ROA 21. Majors claims both actions were done for unlawful reasons. ROA 21-23.

Majors filed this lawsuit on February 9, 2023, after providing a notice of intent to file suit to the City of Canton on August 11, 2022. ROA 18. Her suit alleged that she was demoted and then fired in connection with the City Clerk's municipal election obligations. Specifically, she claimed that, during her preparation for the April 6, 2021 municipal primary elections, she received qualifying papers for Colby Walker to run for Alderman of Ward 1. ROA 19. According to Majors, Rodriguez Brown—the incumbent Alderman of Ward 1—attempted to influence Kimberly Banks—the municipal attorney—to disqualify Walker. ROA 19-20.

This involved Banks sending Majors an email directing Majors to notify Walker that he had not met the qualification requirements under state law. ROA 20. Majors alleged Banks also sent her a prepared letter saying as much, which also allegedly included Majors's forged signature. ROA 20. But Majors never sent the letter. ROA 20. Instead, she states that, after receiving a phone call from another disqualified candidate, she wrote to the Mississippi Attorney General reporting that someone had forged her signature on both disqualification letters. ROA 21. Majors asserts that she was demoted to Director of Human Resources in retaliation for contacting the Attorney General's office and then fired six months later. ROA 21-22.

On these allegations, Majors sued the City of Canton, Brown, Banks, and every other member of the Board of Aldermen,[1] advancing three causes of action: denial of due process under 42 U.S.C. § 1983, civil conspiracy under Mississippi law and 42 U.S.C. § 1985, and wrongful termination under Mississippi law. ROA 14, 23-26. Underlying all of her claims was Majors's assertion that she

---

[1] This originally included Daphne Sims and Eric Gilkey, but neither was reelected so Majors chose not to pursue claims against them. ROA 225-26. Both were dismissed without prejudice. ROA 231-32.

had a property right to her employment, notwithstanding default state law rules as well as the unambiguous terms of Canton's employee handbook.

Canton, the aldermen, and Banks removed the case to the United States District Court for the Southern District of Mississippi. ROA 10. Then, on May 24, 2023, all defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. ROA 80-147. The motions asserted that Majors was an at-will employee, that the individuals were entitled to qualified immunity and Mississippi-Tort-Claims-Act immunity, and that Canton was entitled to discretionary-function immunity. Majors opposed the motions and filed responses. ROA 156-99.

For its part, the District Court held three separate motion hearings.

First, on November 4, 2024, the District Court received argument, asked questions, and then concluded by stating that "I will probably have y'all an opinion in the next ten days on this matter. But I'm going to write an opinion on it, and that's also what I was just re-advising that we had discussed yesterday and the day before about doing an opinion on this. So I'm going to do an opinion on the matter." ROA 303.

Next, roughly 80 days later, on January 29, 2025, the District Court held another hearing, this time telephonically. At this hearing, the District Court solicited additional record material from the parties including, among others, Majors's

termination letter, the exact date when Majors was removed as City Clerk, and the date her successor was appointed. ROA 310-11. The District Court also questioned whether Majors corresponded with Banks at all. ROA 310-11.

Finally, the District Court called a third hearing on February 18, 2025, to address additional outstanding factual concerns it had. ROA 321. This included a chronology that Majors's counsel sent *ex parte* to the District Court as well as other specific facts that the District Court asked the parties to either produce or stipulate to. The District Court then ruled from the bench and denied the motions. ROA 356-364.

In doing so, the District Court skipped past qualified immunity without even referring to it in its ruling from the bench and subsequently ordered discovery because it found that Majors had stated a claim and that there were "so many disputed facts." ROA 359-61. When prompted by Majors's counsel as to whether discovery was limited to "the issue of qualified immunity," the District Court responded:

> No, it's not. Since I have denied the motions, it is not limited to that. This is **full-fledge discovery** at this point because this is discovery that the Court needs on all of these issues, and they are so intertwined, **there is no point in wasting time on it**.

ROA 363 (emphasis added).

The District Court's subsequent written order appeared to amend some of those statements from the bench by specifically referencing qualified immunity before ordering discovery. ROA 241. The written order also specifically found that Majors—contrary to her assertions—was an at-will employee. ROA 243-44. However, the order did not address the logical implication of Majors's at-will employment: as an at-will employee she had no due process interest in her employment.

The written order—like the District Court's oral pronouncement—also ignored this Court's caselaw on when and how qualified-immunity related discovery can be ordered. *Cf.* ROA 241-42, 244-46. Despite the order stating that it allowed "limited qualified immunity related discovery," the order placed no restrictions on the discovery beyond a three-month time frame. ROA 246.

Because Canton, the aldermen, and Banks believe that qualified immunity must be considered and resolved, and that they are entitled to have Majors's suit dismissed, they appeal the District Court's order. The District Court's order ruling should be reversed, and judgment should be rendered.

## SUMMARY OF THE ARGUMENT

"[A]t-will employees [have] no property interest in continued employment."

*Johnson v. City of Shelby*, 642 F. App'x 380, 385 (5th Cir. 2016). And without a

property interest, an employee has no right to due process. *Id*. at 383 ("To have a

valid Fourteenth Amendment claim for deprivation of property in violation of

substantive or procedural due process, a plaintiff must have a protected property

interest."). These rules mandated dismissal of Majors' federal claims.

In its ruling, the District Court acknowledged Majors' status as an at-will

employee. It also acknowledged that the City's handbook did not alter that status.

Yet the District Court inexplicitly allowed both Majors' due process and conspiracy

claims to survive against the City and the individual defendants. This conclusion

must be reversed as a constitutional matter, but it is especially troubling in a case

that has the added layers of qualified immunity and *Monell*.

Majors' state law wrongful discharge claim fares no better. She sues people

that can never be sued and runs headfirst into numerous substantive hurdles. Both

the City and the individual defendants are entitled to Mississippi-Tort-Claims-Act

immunity.

Bottom line is that reversal is required. Dismissal, not discovery, is what should have happened in the district court. This Court should render judgment in favor of all Defendant-Appellants.

## ARGUMENT

Majors advanced three claims against Canton, the aldermen, and the city attorney: (1) a § 1983 due process claim, (2) a § 1985 conspiracy claim, and (3) a state law wrongful discharge claim. Each should have been dismissed without discovery.

The standard of review for a motion to dismiss on immunity grounds is *de novo*. *Carmona v. City of Brownsville*, 126 F.4th 1091, 1096 (5th Cir. 2025). Motions to dismiss on immunity grounds require that courts "carefully scrutinize [the complaint] before subjecting public official to the burdens of broad-reaching discovery." *Sanders v. Gibson*, No. 23-11196, 2025 WL 1029440, *2 (5th Cir. Apr. 7, 2025) (quoting *Longoria v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263-64 (5th Cir. 2019)). That means that "the complaint 'must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm . . . alleged and that defeat a qualified immunity defense with equal specificity.'" *Id.* (quoting *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020)). This is a subset of the traditional motion to dismiss standard where courts "accept

9

all facts in the complaint as true, but do not accept conclusory allegations, unwarranted factual inferences or legal conclusions." *McKay v. LaCroix*, 117 F.4th 741, 746 (5th Cir. 2024) (citing *Arnold*, 979 F.3d at 266).

To be sure, *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022) prohibits discovery when, as here, immunity is at play. This Court made clear in *Carswell* that a district court must either grant or deny the dispositive motion. *Id*. at 312. It may not instead defer ruling, since immunity protects defendants not just from liability but from the burdens of litigation as well. *Id*. ("[T]he district court may not defer ruling[.]").

Rather than apply this settled rule—or make the findings *Carswell* requires to order immunity-related discovery—the District Court said it had unanswered factual questions. But that was wrong, since even evaluated under the heading of summary judgment, only material disputes of fact preclude a court from granting summary judgment. *See Duncan v. Wal-Mart La., L.L.C.*, 863 F.3d 406, 408-09 (5th Cir. 2017).

The justifications for dismissal are addressed in turn.

## I. Majors cannot maintain an actionable § 1983 due process claim.

Due process claims, whether procedural or substantive, require that a plaintiff "show that (1) she has a property interest and (2) a state actor has deprived her of

10

that interest without due process." *Wrecker Works, L.L.C. v. City of Aberdeen*, 751 F. App'x 413, 417 (5th Cir. 2018) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995)); *see also Edionwe v. Bailey*, 860 F.3d 287, 292 (5th Cir. 2017). Majors' theory fails at both steps.

### A. Majors had no property right in her employment.

Mississippi has been an at-will employment state for over 160 years, *see Perry v. Sears, Roebuck & Co.*, 508 So. 2d 1086, 1088 (Miss. 1987), and property interests are thus "not incidental to public employment[.]" *Muncy v. City of Dall.*, 335 F.3d 394, 398 (5th Cir. 2003). *See also Maxey v. Smith*, 59 F.3d 1242, *6 (5th Cir. 1995) (holding that appointed municipal officials in Code Charter cities are at-will employees). The at-will relationship can only be modified "by 'an employment contract expressly providing to the contrary.'" *S. Farm Bureau Life Ins. Co. v. Thomas*, 299 So. 3d 752, 757 (Miss. 2020) (*McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So. 2d 603, 606 (Miss. 1993)).

Majors' invocation of due process in her complaint while succinct ignores those points:

> The Canton Personnel Policies and Procedures Handbook provided a provisions [*sic*] for due process in the case of employee demotions and/or terminations. Acting under color of state law the defendants violated Allyson's right of due process as guaranteed by the United States Constitution, the Mississippi Constitution and the Canton Personnel and Procedures Handbook. As a direct and result [*sic*] of the

violations of her constitutional rights and the provisions of 42 U.S.C. § 1983, plaintiff has suffered damages in the loss of her job, loss of income, loss of retirement benefits, damages to her personal and professional reputations, and mental and emotional distress.

ROA 25-26.

Not only does Majors not address Mississippi law, her claim directly contradicts Canton's "Personnel and Procedures Handbook." The Handbook explicitly states "that all employees who do not have a written employment contract with the City for a specific fixed term of employment are employed at the City's will and are subject to termination at any time, for any reason, with or without cause or notice." ROA 119. [2] As such, Canton did not expressly waive Majors's at-will status, and in fact the handbook expressly preserved Majors' at-will status.[3]

---

[2] The "Personnel and Procedures Handbook" excerpt was attached to the motion to dismiss. ROA 24-26. As this Court has said, "[i]n considering a motion to dismiss, we may 'also consider "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim."'" *Sligh v. City of Conroe*, 87 F.4th 290, 297 (5th Cir. 2023) (quoting *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016)). As demonstrated above, Majors specifically referenced the "Personnel and Procedures Handbook" in her complaint and premises her entire due process claim on it.

[3] Even if Canton's handbooks purported to create a property right, Mississippi law bars it from so doing. Mississippi Code § 21-17-5 provides that "[t]he governing authorities of every municipality of this state shall have the care, management and control of the municipal affairs and its property and finances," but only to the extent that those affairs are not "inconsistent with" Mississippi's Constitution or Code, or "any other statute or law of the State of Mississippi."

Mississippi Code § 21-3-3 specifically states that appointed municipal clerks "**shall** hold office at the pleasure of the governing authorities and may be discharged by such governing authorities at any time, either with or without cause[.]" (emphasis added). Mississippi Code § 21-3-5 reiterates this and provides a term of office for appointed municipal officers and employees "unless such officers or employees **shall** have been sooner discharged as herein provided."

Thus, it was not surprising that the District Court agreed and found Majors to be an at-will employee. ROA 243-44. But the conclusion to move to discovery, not dismissal, was surprising. As an at-will employee, Majors had no property right in her employment and thus no constitutional claim.[4] *See Muncy*, 335 F.3d at 402. For this reason alone, reversal is required.

---

(emphasis added). These statutes use **shall** and so are mandatory. *Pitalo v. GPCH-GP, Inc.*, 933 So. 2d 927, 929 (Miss. 2006). Thus even if Canton wanted to give Majors a property right in her employment as an appointed municipal clerk, it could not.

[4] Before the District Court, Majors attempted to refute this argument by relying on two cases from the Supreme Court of Mississippi: *Jones v. City of Canton*, 278 So. 3d 1129 (Miss. 2019) and *City of Canton v. Slaughter*, 358 So. 3d 637 (Miss. 2023). Both address different—and distinguishable—statutes.

*Jones* addressed Canton's removal of a trustee of the Canton Public School District. 278 So. 3d at 1130-31. In Mississippi, school board trustees are elected by "the governing authorities" of a municipality and serve a term of office of five years. Miss. Code Ann. § 37-7-203; *Jones*, 278 So. 3d at 1130. Despite lacking statutory authority for removal, the Board of Alderman removed Jones anyway. *Jones*, 278 So. 3d at 1131. The Supreme Court of Mississippi found that given the lack of a statute on point the only available removal procedure was Section 715 of Mississippi's Constitution. *Id.* at 1133-34.

*Slaughter* is no different. Again, this concerned Canton, but this time the Supreme Court of Mississippi addressed the removal of two municipal utilities commissioners. *Slaughter*, 358 So. 3d at 638-39. The Supreme Court considered Mississippi Code § 21-27-15 which allows "for the removal of members of a commission created by municipal authorities." *Id.* at 643. While acknowledging that this differed from *Jones* where there was no statute that provided for removal of school board trustees, the Supreme Court also noted that Section 21-27-15 "does not provide a process for removal." *Id.* Therefore, because there was not a statute that provided specific procedure, the default "notice and opportunity to be heard" under Section 715 of Mississippi's Constitution had to be followed. *Id.*

Together *Jones* and *Slaughter* hold that absent a statute which provides for (1) removal and (2) process, then officials are to be afforded notice and an opportunity to be heard. But, unlike Mississippi Code § 37-7-203 and Mississippi Code § 21-27-15, Mississippi Code §§ 21-3-3 and 21-3-5 both state that appointed municipal clerks **shall** serve at the pleasure of the Board of Aldermen and that they **shall** be dischargeable at any time. These statutes both provide removal and process. This is not a novel interpretation, as both of Mississippi's federal district courts have already reached this conclusion as applied to Canton specifically. *See Mitchell v. Brown*, No. 3:20-

13

**B. Even if Majors had a property right in her continued employment, she cannot bring a claim for procedural due process and has forfeited any substantive due process claim.**

As noted above, due process claims can be styled as procedural or substantive. *Edionwe*, 860 F.3d at 292. Generally, a plaintiff cannot pursue a procedural due process claim until she has first exhausted available state-court relief. *See Zinermon v. Burch*, 494 U.S. 113, 115 (1990); *Wilson v. Esparros Props. Airline, L.L.C.*, 540 F. App'x 291, 292 n.3 (5th Cir. 2013) (A "constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."). As outlined in *Jones* and *Slaughter*, there is a process under Mississippi law for challenging decisions of Canton's Board of Aldermen. That is Mississippi Code § 11-51-75.

As Mississippi's appellate courts have consistently held, "[a]n appeal to circuit court pursuant to section 11-51-75 is the 'exclusive remedy' for a party aggrieved by the decision of a municipal authority." *Williams v. City of Belzoni*, 229 So. 3d 171, 174 (Miss. Ct. App. 2017). *See also McPhail v. City of Lumberton*, 832 So. 2d 489, 492 (Miss. 2002) (holding that § 11-51-75 barred municipal judge's suit seeking reinstatement). In fact, Mississippi courts have held that attempts to

---

cv-798, 2022 WL 19394913, *3 (N.D. Miss. July 26, 2022); *McNeil v. City of Canton*, No. 3:06-cv-74, 2008 WL 249437, *13 (S.D. Miss. Jan. 29, 2008).

challenge a board's decision outside of a suit under § 11-51-75 "constitute[] a collateral attack that will not be maintained." *Hood v. Perry Cnty*, 821 So. 2d 900, 902 (Miss. Ct. App. 2002).

Pairing that with federal precedent dooms any procedural due process claim here. As this Court has held, "an employee cannot ignore the process duly extended to him and later complain that he was not afforded due process." *Galloway v. State of Louisiana*, 817 F.2d 1154, 1158 (5th Cir. 1987). *See also Pope v. Miss. Real Estate Comm'n*, 872 F.2d 127, 132 (5th Cir. 1989) (holding that a plaintiff cannot collaterally challenge a board decision when an administrative or state court remedy was statutorily available). Majors simply cannot forgo the state remedy available to her and file a federal lawsuit asserting that she has not been provided due process.

And, to satisfy the substantive due process standard, Majors would have to demonstrate that the individual defendants' decision "'so lacked a basis in fact' that it could be said to have been made 'without professional judgment.'" *Jones v. La. Bd. of Supervisors of Univ. of La. Syss.*, 809 F.3d 231, 240 (5th Cir. 2015) (quoting *Texas v. Walker*, 142 F.3d 813, 819 (5th Cir. 1998)). Stated another way, that standard requires showing that the decisions were "so egregious, so outrageous, that it may fairly be said they shock the contemporary conscience*." Doe ex rel Magee v. Covington Cnty Sch. Dist. ex rel. Keys*, 675 F.3d 849, 867 (5th Cir. 2012). This is a

high standard, and "[t]he bar is high because 'a federal court is generally not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies.'" *Jones*, 809 F.3d at 240 (quoting *Honore v. Douglas*, 833 F.2d 565, 569 (5th Cir. 1987)). By the same token, "[t]he Due Process Clause . . . is not a guarantee against incorrect or ill-advised personnel decisions." *Id*. (quoting *Bishop v. Wood*, 426 U.S. 341, 350 (1976)).

Below, Majors did not address substantive due process and so forfeited any argument on that point. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (citing *United States v. Zuniga*, 860 F.3d 276, 284 n. 9 (5th Cir. 2017)). Regardless, Majors's termination was allegedly related to her employment-related acts, i.e., her refusal to mail a letter or her poor performance as a human resource professional. That sort of termination is not egregious, outrageous, or conscience shocking.

## C. Qualified immunity and *Monell* provide additional grounds for dismissal.

Because Majors cannot demonstrate an underlying constitutional violation, "[t]hat doom[s] all the claims, as a constitutional violation is a predicate for claims against both the individual defendants and [the governmental entity]." *Fairchild v. Coryell Cnty*, 40 F.4th 359, 362 (5th Cir. 2022). Nonetheless, qualified immunity and *Monell* provide alternate grounds for reversal as well.

As this Court is aware, qualified immunity involves two questions: (1) whether the defendants violated the Constitution and (2) even if they did whether the violation was "clearly established." *Morrow v. Meacham*, 917 F.3d 870, 874 (5th Cir. 2019). As shown above, no individual violated the Constitution. And, Majors shouldered the burden of pointing to an authoritative case that placed the question at issue beyond debate. *See Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020).[5] Put simply, an existing case had to "squarely govern" the conduct at issue under the specific circumstances presented and hold that it was unconstitutional. *See Brosseau v. Haugen*, 543 U.S. 194, 201 (2004). Not only did Majors not identify an analogous case, as shown above settled caselaw is against her.

With respect to *Monell* and municipal liability, Majors was required to demonstrate that any constitutional violation occurred because of a municipal policy or custom. *See Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001). There

---

[5] Countless decisions from this Court highlight the plaintiff's obligation of pointing to a specific case. *E.g., Nerio v. Evans*, 974 F.3d 571, 575 (5th Cir. 2020) (explaining that "a party must 'identify a case where an officer acting under similar circumstances . . . was held to have violated the" Constitution) (emphasis in original; quoted Supreme Court case omitted); *Rich v. Palko*, 920 F.3d 288, 297 (5th Cir. 2019) ("Rich has failed to identify precedent clearly establishing that the officers' conduct violated Dupuis-Mays's constitutional rights"); *Morrow*, 917 F.3d at 876 (holding that the appellants "have not identified a controlling precedent"); *Bustillos v. El Paso Cty. Hosp. Dist.*, 891 F.3d 214, 222 (5th Cir. 2018) ("Appellant has not carried her burden of pointing this panel to any case that shows, in light of the specific context of this case, that the Doctors' or Nurses' conduct violated clearly established law.").

is no such allegation in Majors's pleading or briefing. In fact, she has not even broached the topic of an express policy that she believes is unconstitutional or a widespread pattern of similar instances that could give rise to an unoffical municipal custom. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011). She thus has forfeited any argument on that point. *Rollins*, 8 F.4th at 397.

## II. Without an underlying violation—and with every alleged conspirator part of Canton—Majors has not alleged and cannot prove a civil conspiracy.

Turn now to Majors's civil conspiracy claim. Under Mississippi law, the elements of a civil conspiracy are "(1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or a lawful purpose unlawfully, (3) an overt act in furtherance of the conspiracy, (4) and damages to the plaintiff as a proximate result." *Rex Distributing Co., Inc. v. Anheuser-Busch, LLC*, 271 So. 3d 445, 455 (Miss. 2019). These elements are little different from those required to prove a civil conspiracy under 42 U.S.C. § 1985(3).[6] However, under federal law, there is the added requirement that "the plaintiff must show that the conspiracy was motivated by a class-based animus." *Id*.

---

[6] The initial elements under § 1985 are: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *See Hilliard v. Ferguson*, 30 F.3d 649, 652 (5th Cir. 1994).

18

As an initial matter, Majors does not allege anything approaching a class-based animus. Additionally, with no underlying property interest, she cannot prove any deprivation of a right or equal protection of the law, *Hilliard*, 30 F.3d at 652, or an unlawful activity, *Rex Distributing*, 271 So. 3d at 455.

She also runs into a problem in that all of the alleged conspirators are part of a single entity—the City of Canton. Under both federal and state law, a claim for conspiracy cannot be based on "alleged interference . . . between [Majors] and [Canton]." *Floyd v. Amite Cnty. Sch. Dist.*, 581 F.3d 244, 251 (5th Cir. 2009) (first citing *Hilliard*, 30 F.3d at 652-53; and then *Frye v. Am. Gen. Fin., Inc.*, 307 F. Supp.2d 836, 843-44 (S.D. Miss. 2004); and then citing *Cenac v. Murray*, 609 So. 2d 1257, 1269 (Miss. 1992)). This is because, Majors's allegation is substantively that Canton—through its employees and their actions on behalf of Canton—conspired with itself. *Id*.

Because there is no underlying violation, the individuals are all entitled to qualified immunity as well, and Majors cannot demonstrate an essential element of municipal liability, as laid out above.

## III. Majors's state-law unlawful termination claim similarly cannot withstand scrutiny.

In Mississippi, at-will employees are precluded from suing for wrongful termination since "an employee may be discharged at the employer's will for good

reason, bad reason, or no reason at all, excepting only reasons independently declared legally impermissible." *Galle v. Isle of Capri Casinos Inc.*, 180 So.3d 619, 622 (Miss. 2015) (quoting *Harris v. Miss. Valley State Univ.*, 873 So.2d 970, 986 (Miss. 2004)).

Given that Majors resists her status as an at-will employee, it is unclear where the source of her state law claim supposedly comes from. To the extent Majors claims it is rooted in contract, she has never identified any contractual provision prohibiting her termination. If she accepted her at-will status, her only potential recourse would lie in tort. *See Community Care Ctr. of Aberdeen v. Barrentine*, 160 So.3d 216, 220 (Miss. 2015). Regardless, there are at least three major problems with a wrongful discharge claim here.

First, a state law wrongful discharge claim is **never** allowed against individuals, regardless of whether it is in the public or private sector. *See DeCarlo v. Bonus Stores, Inc.*, 989 So. 2d 351, 359 (Miss. 2008) (explaining that "the laws of Mississippi do not allow for individual liability for the tort of retaliatory discharge").

Second, even if individual liability were a possibility, public sector employees possess immunity under the Mississippi Tort Claims Act. *See, e.g., Hearn v. Bd. of Supervisors of Hinds Cnty*, 575 F. App'x 239, 243 (5th Cir. 2014) (observing that the Mississippi Tort Claims Act prohibits "liability for employees acting 'within the

course and scope' of employment and establishing a 'rebuttable presumption' that a given act is within that scope") (citing MISS. CODE ANN. §§ 11-46-7(2), (7)).

Third, "[t]he Mississippi Tort Claims Act . . . provides the exclusive remedy against a governmental entity or its employee for acts or omission which give rise to a tort suit." *Duncan ex rel. Duncan v. Chamblee*, 757 So. 2d 946, 949 (Miss. 1999). And this means that any claim Majors would have must escape the Mississippi Tort Claims Act's discretionary function immunity. *See* MISS. CODE ANN. § 11-46-9(1)(d).[7]

The Mississippi Supreme Court applies a two-prong test to determine if discretionary function immunity applies: "first, whether the alleged wrongful act involves an element of choice or judgment and, if so, then, second, whether the choice or judgment had a bearing on public policy." *Smith v. Miss. Transp. Comm'n*, 292 So. 3d 231, 234 (Miss. 2020) (citing *Wilcher v. Lincoln Cnty Bd. of Supervisors*, 243 So. 3d 177, 187 (Miss. 2018)).

Choosing whom to employ as municipal officers clearly meets both elements, and Mississippi's decisions reflect that an agency's employment decisions are

---

[7] Majors would never be permitted to challenge her demotion under a tort theory, both because Mississippi only recognizes a wrongful "discharge" claim and because any challenge to the demotion would be time barred in any event. *See* MISS. CODE ANN. § 11-46-11(3) (requiring that a Mississippi Tort Claims Act notice be given within one year from the date of the injury).

discretionary. *See, e.g., Levens v. Campbell*, <u>733 So. 2d 753, 763-64</u> (Miss. 1999) (community hospital administrator's duties regarding employee hiring were discretionary); *Staheli v. Smith*, <u>548 So.2d 1299, 1305-06</u> (Miss. 1989) (evaluation of personnel is a discretionary function); *Miss. Forestry Comm'n v. Piazza*, <u>513 So.2d 1242, 1250</u> (Miss. 1987); *Blackston v. Epps*, <u>95 So. 3d 667, 669</u> (Miss. Ct. App. 2011) (§ 11–46–9(1)(g) considers the hiring of personnel a discretionary function); *Suddith v. Univ. of S. Miss.*, <u>977 So. 2d 1158, 1179</u> (Miss. Ct. App. 2007) (university officials' denial of tenure track to professor was a discretionary act immune from suit); *Smith v. N. Bolivar Sch. Dist.*, No. 2:07-CV-51-SA-SAA, <u>2008 WL 4450295</u>, *4 (N.D. Miss. Sept. 29, 2008), reconsidered in non-relevant part, No. 2:07-CV-51-SA-SAA, <u>2009 WL 10675322</u> (N.D. Miss. Jan. 30, 2009) (school district and board members acted in the course and scope of their duties, and performed a discretionary function in determining whether Superintendent should be retained). As one court has put it: "An employment decision is a classic discretionary function." *See DePree v. Saunders*, No. 2:07-cv-185, <u>2008 WL 4457796</u>, *9 (S.D. Miss. Sept. 2008).

And—if these three points were not enough—Canton would succeed on the merits even if it were not a governmental entity protected by the Mississippi Tort Claims Act. *See Walton*, <u>82 F.4th at 322</u> (explaining that, to defeat immunity, a

plaintiff is required to overcome Mississippi Tort Claims Act exemptions **and** prove all elements of an underlying cause of action). As stated above, Mississippi's "default rule is that employers may fire employees 'for good reason, bad reason, or no reason at all, excepting only reasons independently declared legally impermissible.'" *Brandi's Hope Community Servs., LLC v. Walters*, <u>391 So. 3d 162, 166</u> (Miss. 2024) (quoting *McArn*, <u>626 So. 2d at 606</u>). In *McArn*, two "narrow public policy exceptions to the general rule" were created. *Id*. These were for "(1) an employee who refuses to participate in an illegal act . . . [and] (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else[.]" *Id*. (quoting *McArn*, <u>626 So. 2d at 607</u>).

The *very narrow* public policy exceptions do not apply in this case. First, there are no plausible allegations that any individual defendant ever asked Majors to engage in an illegal disqualification of candidates. Second, Majors never reported any specific criminal activity by her employer—Canton—which plausibly led to her demotion and/or ultimate termination.

Reporting a good faith belief of criminally illegal conduct is not enough. "[A] mere good-faith belief that employer activity is criminally illegal without showing the activity to be **actually criminal in nature** is insufficient to provide recourse to a discharged plaintiff under the *McArn* exception." *Kyle v. Circus Circus Miss., Inc.*,

23

No. 2:09-CV-014–P–S, 2010 WL 2539576, at *4 (N.D. Miss. Jun. 15, 2010) (emphasis added). Majors must specifically state the allegedly illegal conduct, point to record evidence to support her allegations, and describe how that conduct violated a criminal statute. *Id*. She has not—and cannot—do so because her own allegations admit that she can only speculate as to who allegedly forged her signature and sent the disqualification letters.

Therefore, each of Majors's claims must be dismissed.

## CONCLUSION

Ultimately, there are many reasons why the District Court's judgment should be reversed and judgment should be rendered in the defendants' favor. Those reasons include both substantive concerns and procedural deficiencies.

Respectfully submitted,

BY:  */s/ John Patrick McMackin*
G. Todd Butler, MS Bar No.: 102907
Nicholas Morisani, MS Bar No.: 104970
John P. McMackin, MS Bar No. 105967
PHELPS DUNBAR LLP
1905 Community Bank Way, Suite 200
Flowood, MS 39232
Telephone: (601) 352-2300
Facsimile: (601) 360-9777
Email: todd.butler@phelps.com
Email: nicholas.morisani@phelps.com
Email: john.mcmackin@phelps.com

24

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed on this the 4th day of August with the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

*/s/ John Patrick McMackin*
John Patrick McMackin

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND <u>TYPE STYLE REQUIREMENTS</u>

1.      This brief complies with the type-volume limitation of Fed R. App. P. 32(a)(7)(B) because, excluding the parts of the brief exempted by <u>Fed. R. App. P. 32(a)(7)(B)(iii)</u>, it contains no more than 7300 words.

2.      This brief complies with the typeface requirements of <u>Fed. R. App. P. 32(a)(5)</u> and the type style requirements of <u>Fed. R. App. P. 32(a)(6)</u> because it has been prepared in proportionally-spaced typeface, including serifs, using Word, in Times New Roman 14-point font, except for the footnotes, which are in proportionally-spaced typeface, including serifs, using Word in Times New Roman 12-point font.

Respectfully submitted,


BY:   <u>  /s/ John Patrick McMackin          </u>
        John Patrick McMackin
        Attorneys for Appellants

Dated:  <u>8/4/2025</u>